# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | |
|---|---|
| **TIMBERLAND 109 LLC,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **4:26-cv-00754-TES** |
| **HARRIS COUNTY GEORGIA,** *et al.,* | |
| *Defendants.* | |

## ORDER DENYING MOTION TO DISMISS AS MOOT

Plaintiff Timberland 109 LLC filed a Notice of Removal on May 1, 2026. [Doc. 1]. Defendant filed a Motion to Dismiss the removed Complaint on May 8, 2026. [Doc. 7]. On May 29, 2026, Plaintiff timely filed an Amended Petition for Declaratory, Injunctive, and Mandamus Relief and Complaint for Damages and Attorney's Fees ("Amended Complaint"). [Doc. 15]; Fed. R. Civ. P. 15(a)(1).

Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by the amendment, and [it] is no longer a part of the pleader's averments against their adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial pleading "bec[o]me[s] a legal nullity"). Further, an

original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading, however, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Wimberly v. Broome*, No. 6:15-cv-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (citing cases).

The Court has reviewed Plaintiff's Amended Complaint and found no reference to, or adoption of, any allegations set forth in its removed Complaint. Therefore, Plaintiff's Amended Complaint is the sole operative pleading in this case and renders moot Defendant's pending Motion to Dismiss. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss [Doc. 7] **as moot**.

**SO ORDERED**, this 1st day of June, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

2